**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **COREPEX TECHNOLOGIES, INC.** ) | | |
| ) | **Civil Action No. _____** | |
| **Plaintiff,** ) | | |
| ) | | |
| **v.** ) | | |
| ) | | |
| **WH ADMINISTRATORS, INC.** ) | | |
| ) | **JURY TRIAL DEMANDED** | |
| **Defendant.** ) | | |
| ) | | |

**COMPLAINT**

Plaintiff Corepex Technologies, Inc. ("Plaintiff"), by counsel, in support of this Complaint

against Defendant WH Administrators, Inc. ("Defendant") for copyright infringement and

secondary copyright infringement, states as follows:

**NATURE OF THE ACTION**

1.     This is a civil action for copyright infringement under the Copyright Laws of the

United States, 17 U.S.C. §§ 101 *et seq*., and for such other relief as the Court deems just and

proper.

**PARTIES**

2.     Plaintiff is a business organized and existing under the laws of the State of Virginia

and having a principal place of business at 11710 Plaza America Drive, Suite 200, Reston, Virginia

20190.

3.     Upon information and belief Defendant is a business organized and existing under

the laws of the State of Texas, registered to do business in the State of Virginia and having its

1

principal place of business at 3673 Westcenter Drive, Houston, Texas 77042 and a mailing address of 2 Bethesda Metro Center, Suite 450, Bethesda Maryland 20814.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant as upon information and belief Defendant has registered to do business within the State of Virginia; the copyright infringement detailed below consists of infringement of copyrights on materials developed and copyrighted in Virginia and owned by Plaintiff, a Virginia business.  Further, Defendant has entered into a certain contract with Plaintiff in which both parties agreed to jurisdiction and venue in Virginia State and Federal courts and has filed suit to enforce the terms of such contract in the Circuit Court for Fairfax County, Virginia and has thus availed itself of the laws and protections of the Commonwealth of Virginia.

6.      Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b) because the infringement detailed below was for copyrights of materials developed and registered within this District.  In addition, venue is proper because Plaintiff has suffered harm in this District.

## FACTS COMMON TO ALL CLAIMS

7.      Plaintiff is a business organized and operating under the laws of the State of Virginia and provides software development, technology consulting, and related information technology services to entities that contract with them for those services.

8.      On or about March 31, 2015, Plaintiff entered into an "Interim Independent Contractor Agreement" (which is attached as **Exhibit 1** hereto and incorporated by reference) with the Defendant to provide services (the "Services") related to software development and software

support, namely: 1) "provid[ing] new software development support (e.g. initiating discovery to identify major work streams and interdependencies)"; 2) "provid[ing] existing software support"; and 3) "provid[ing] operational and technical support for recurring data loads." See **Exhibit 1** at Exhibit A.  In addition, the Agreement specified the required deliverables, consisting of weekly status reports, process reviews, documentation of priorities, and data load reporting.  *Id.*  No additional services are contemplated in the Agreement. The Agreement further provides that Plaintiff will only be paid to provide the "Services."  *Id.*

9.      The Agreement states that while the parties were negotiating a Definitive Agreement to "contain, among other things, provisions relating to compensation rate, a detailed description of the services to be undertaken, indemnity, and intellectual property ownership and access," due to the requirement of Defendant "to engage [Plaintiff] as soon as possible in order to meet [WH's] needs," it was necessary for services to be commenced under the Agreement prior to the execution of the Definitive Agreement.  See **Exhibit 1** at "Recitals" and ¶ 6.

10.     Despite statements in the Agreement to the contrary, the Definitive Agreement was never entered into and no portion of the Agreement between the parties purports to transfer intellectual ownership rights from Plaintiff to the Defendant.  *Cf.* 17 U.S.C. § 204.

11.     Under the Agreement, Plaintiff's primary task was to develop a computer application to assist Defendant in managing insurance enrollments under the Affordable Care Act ("ACA").  That application was to be developed according to Defendant's stated requirements. As  the Defendant proved incapable of providing the requirements for the application development Plaintiff was forced to hire a business requirements consultant (a hiring not contemplated under the Agreement) in order to determine WH's requirements.

12.     As the Plaintiff-hired consultant determined the development requirements, it became clear to Plaintiff that, in addition to the software development under the Agreement, an additional product was needed to appropriately manage WH's customer's ACA eligibility as well as its back office processes.

13.     Plaintiff and Defendant agreed that Plaintiff would study WH's business and develop new applications that Defendant could use in its business while Defendant continued to utilize a third-party application to manage enrollment applications. One of those new applications would be for internal Defendant employee use relating to stakeholders, accounting, call center inquiries, account executives, and customer acquisition and the second application would be for Defendant customer and broker use.

14.     Plaintiff developed the application for internal Defendant employee use (the ETR application) relating to stakeholders, accounting, call center, account executives, and customer acquisition.  That ETR application was developed and built to manage business processes such as those at Defendant.   Defendant uses the application to run approximately 70% of critical Defendant customer support and operational business functions, including; Defendant's primary service offering to their customers - eligibility data processing (provided to Defendant in the form of payroll files) and eligibility calculations and reporting; Defendant-required EDI-format data reporting and transmittal to Defendant authorized third party administrators; logging of all data load activities, system generated and user entered account-level operational processing comments; and most recently, support of all customer invoicing, customer payments tracking, claim analysis, reporting and processing.

15.     Plaintiff holds a valid copyright for the ETR registration which Defendant utilizes to run the majority of its business.  A true and correct copy of the Registration Certificate bearing

the number TXu 2-016-398 is attached hereto as **Exhibit 2** and is incorporated by reference. *See* 17 U.S.C. § 410(c).

16.     In addition to developing the ETR application Plaintiff developed and built a second application for Defendant's customer and broker use.[1] That client-facing application, the ETRC, is the primary tool used by Defendant's customers to review, monitor and manage ACA compliance and billing information and review and monitor benefits information.

17.     Plaintiff holds a valid copyright for the ETRC application it developed. A true and correct copy of the Registration Certificate for that application, bearing the number TXu 2-016-399 is attached hereto as **Exhibit 3** and is incorporated by reference. *See* 17 U.S.C. § 410(c).

18.     Due to a significant WHA failure to perform by Defendant under the contract, failure to make payments and pursuant to Section 3 of the Agreement, on or about November 14, 2016, Plaintiff provided WHA with ten (10) days advance written notice of their intent to terminate the Agreement. See **Exhibit 1** at ¶ 3(c). Plaintiff's counsel's notice of termination to WHA's counsel is attached as **Exhibit 4 and incorporated by reference**.

19.     On November 24, 2016, the Agreement between the parties was terminated. See **Exhibit 4**. Following the termination of the Agreement, upon information and belief, Defendant and the clients of Defendant continued to utilize both the ETR and ETRC Software applications to operate their business without Plaintiff's authorization or approval.

**DEFENDANT'S UNLAWFUL CONDUCT**

20.     Plaintiff authored and developed software applications for which it holds valid Copyright Registrations (the "Corepex Software"). See **Exhibit 2** and **Exhibit 3**. The works were accessed and used by Defendant and Defendant's customers under an implied license from

---

[1] WHA's customers are individual third party entities managing the insurance needs within their respective businesses and organizations.

Plaintiff, which license allowed for the use of the Corepex Software only during the period when Plaintiff and Defendant maintained a contractual relationship under the Agreement.

21.     Upon termination of the Agreement, any implied license for continued use of the Corepex Software terminated.  The continued use of the Corepex Software after the date of the termination of the license constitutes a violation of Plaintiff's right to reproduce, distribute, and display the Corepex Software.

22.     Upon information and belief, Defendant continues to use the Corepex Software in violation of Plaintiff's rights.

**Count I**

**The ETR Software Copyright**

**(Copyright Infringement. 17 U.S.C. § 501, *et seq*.)**

23.     Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 - 22 above.

24.     Plaintiff is the author, developer, and sole owner of ETR software, which is registered as U.S. copyright registration number TXu 2-016-398 (the "ETR Software").

25.     Defendant WHA has infringed the copyright in the ETR Software by copying and/or distributing the ETR Software continuously at least through the date of this Complaint and upon information and belief, thereafter, in their business operations without approval or authorization from Plaintiff.

26.     Defendant's conduct has been knowing and willful within the meaning of the Copyright Act.  At a minimum, Defendant's initially acted with willful blindness to and in reckless disregard of Plaintiff's rights in the ETR Software and such action then continued despite actual notice of Plaintiff's rights in the ETR Software.

27.     As a result of its wrongful conduct, Defendant is liable to Plaintiff for copyright infringement.  Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damages in an amount exceeding $100,000.00 and as proven at trial.  As provided in 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages, which include its losses and all profits Defendant has made as a result of its wrongful conduct.

28.     Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).  In addition, because Defendant's infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2).

29.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, Plaintiff's copyrights are unique and valuable property which have no readily determinable market value and Defendant's wrongful conduct, and the resulting damage to Plaintiff, is continuing.

30.     Plaintiff is also entitled to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 505.

### Count II

### The ETRC Software

### (Copyright Infringement. 17 U.S.C. § 501, *et seq.*)

31.     Plaintiff repeats and incorporates by reference each and every allegation set forth in paragraphs 1 - 30 above.

32.     Plaintiff is the author, developer, and sole owner of ETRC software (the "ETRC Software"), which is registered as U.S. copyright registration number TXu 2-016-399.

33.     Defendant's utilization of the registered software results in the creation of cached copies upon each use which copies, upon information and belief, are then stored on WH servers.

34.     Defendant has infringed the copyright in the ETRC Software by utilizing the ETRC Software in their business operations, namely by their copying and distributing the software, upon information and belief, to facilitate their interaction with their customers without approval or authorization from Plaintiff.

35.     Each time clients of Defendant access the ETRC Software constitutes a loss of related revenues Plaintiff could reasonably have expected to earn.

36.      Defendant's conduct has been knowing and willful within the meaning of the Copyright Act.  At a minimum, Defendant initially acted with willful blindness to and in reckless disregard of Plaintiff's rights in the ETRC Software and such action then continued despite actual notice of Plaintiff's rights in the ETRC Software.  As a result of their wrongful conduct, Defendant is liable to Plaintiff for copyright infringement.  Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damages in an amount exceeding $100,000.00 and as proven at trial. As provided in 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages, which include its losses and all profits Defendant has made as a result of its wrongful conduct.

37.     Alternatively, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c).  In addition, because Defendant's infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced pursuant to 17 U.S.C. § 504(c)(2) in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

38.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502.  Corepex has no adequate remedy at law for Defendant's wrongful conduct because, among other things,

Plaintiff's copyrights are unique and valuable property which have no readily determinable market value and Defendant's wrongful conduct, and the resulting damage to Plaintiff, is continuing.

39.     Plaintiff is also entitled to recover its attorney's fees and costs of suit pursuant to 17 U.S.C. § 505.

**Count III**

**The ERTC Software**

**(Secondary Infringement of Copyright)**

40.     Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 39, inclusive.

41.     Upon information and belief, the ERTC software continues to be used by Defendant's clients, without Plaintiff's authorization or approval. When using the ERTC software, Defendant's clients are making unauthorized cached copies of portions of the copyrighted ERTC software.

42.     Upon information and belief Defendant had, and continues to have, the right and ability to supervise and/or control the infringing conduct of its clients through its agreements with its clients.

43.     Upon information and belief Defendant has failed to exercise such supervision and/or control. As a direct and proximate result of such failure, Defendant's clients and accountholders have and will continue to repeatedly infringe the ERTC Software.

44.     Alternatively, upon information and belief, Defendant knew or should have known that its clients' use of Plaintiff's ETRC software was infringing and materially contributed to that infringing use by either providing their clients access to the software after the termination of the

Agreement or allowing their clients to have continuing access to the software following termination of the Agreement.

45.     Alternatively, upon information and belief, Defendant knew or should have known that its clients' use of Plaintiff's ETRC software was infringing and, by providing access to the ETRC software or allowing continued access to that software following termination of the Agreement, induced infringement and fostered their clients' infringement of Plaintiff's copyrights.

46.     Defendant derived (and continues to derive) substantial and direct financial benefit from the infringements of the ERTC Software by its clients in the form of continued monthly subscription payments and by having clients drawn to its service for the purpose of accessing and/or providing infringing content.  Defendant has not acted reasonably or in good faith in response to Plaintiff's notices of infringement and repeat infringement.

47.     Defendant's clients' acts of infringement—and Defendant's acts in support of those infringements—have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

48.     As a direct and proximate result of Defendant's secondary infringements of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

49.     Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

50.     Plaintiff further is entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

51.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 as Corepex

has no adequate remedy at law.  Defendant's conduct is causing and, unless enjoined and restrained

by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be

compensated or measured in money.

52.     Plaintiff is entitled to injunctive relief prohibiting further contributory

infringements of the ERTC Software.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests judgment as follows:

1.     That the Court enter a judgment against Defendant finding that they have willfully

infringed Plaintiff's rights in the following federally registered copyrights in violation of 17 U.S.C.

§ 501:

      a.     TXu 2-016-398

      b.     TXu 2-016-399

2.     That the Court issue preliminary and permanent injunctive relief against Defendant,

and that their officers, agents, representatives, servants, employees, attorneys, successors, and

assigns, and all others in active concert or participation with Defendant be enjoined and restrained

from:

      a.     copying, distributing, or publicly displaying or making any other infringing use or importation to the United States or elsewhere software now or hereafter protected by copyright Certificate Registration No. TXu 2-016-398;

      b.     copying, distributing, or publicly displaying or making any other infringing use or importation to the United States or elsewhere software now or hereafter protected by copyright Certificate Registration No. TXu 2-016-399;

3.      That the Court order Defendant to pay Plaintiff's damages and Defendant's profits

pursuant to 17 U.S.C. §504(b) or, alternatively, enhanced statutory damages pursuant to 17 U.S.C.

§ 504(c) and 17 U.S.C. § 504(c)(2), for Defendant's willful infringement of each of Plaintiff's

copyrights;

4.      That the Court order Defendant to pay to Plaintiff both the costs of this action and

the reasonable attorney's fees incurred by Plaintiff in prosecuting this action; and

5.      That the Court grant to Plaintiff such other and additional relief as is just and proper.


DATED this 5th day of January, 2017.


By _____/s/_____
Thomas M. Dunlap (VSB No. 44016)
Ellis L. Bennett (VSB No. 71685)
David Ludwig (VSB No. 73157)
Ben Barlow (VSB No. 67933)
DUNLAP BENNETT & LUDWIG PLLC
211 Church Street SE
Leesburg, Va. 20175
(703) 777-7319 (*telephone*)
(703) 777-3656 (*facsimile*)
tdunlap@dbllawyers.com
ebennett@dbllawyers.com
dludwig@dbllawyers.com
bbarlow@dbllawyers.com
*ATTORNEYS FOR COREPEX*
*TECHNOLOGIES, INC.*